IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                                       ORDER

                Plaintiff,

                                                                                        11-cr-83-bbc

      v.

RAYDALE MITCHELL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant Raydale Mitchell has filed a motion in his closed criminal case for the return of property under Fed. R. Crim. P. 41(g), alleging that approximately $1,300 in currency was taken from him and never returned. Because defendant's criminal case is closed, he can proceed only by way of a civil equitable proceeding. <u>United States v. Shaaban</u>, 602 F.3d 877, 878-89 (7th Cir. 2010) ("We have held that, once a defendant has been convicted, a motion under Rule 41(g) is deemed to initiate a *civil* equitable proceeding") ((citing <u>United States v. Howell</u>, 354 F.3d 693, 695 (7th Cir. 2004)), for which defendant must pay a filing fee.

       If defendant wishes to proceed on his motion, he will have to send the court a check for $400. If he is unable to pay this amount, he must make an initial partial payment of the

1

$400 filing fee, as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act. To allow the court to calculate an initial partial payment, defendant will have to submit a trust fund account statement. Defendant's motion was filed on May 15, 2013. His trust fund account statement should cover the six-month period beginning approximately November 15, 2012 and ending approximately May 15, 2013. Once defendant has submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under 28 U.S.C. § 1915(e)(2). Defendant should show a copy of this order to prison officials to insure that they are aware they should send a copy of defendant's six-month trust fund account statement to this court.

ORDER

IT IS ORDERED that defendant Raydale Mitchell may have until June 17, 2013, in which to submit a certified copy of his trust fund account statement for the period beginning approximately November 15, 2012 and ending approximately May 15, 2013. If, by June 17, 2013, defendant fails to respond to this order, I will assume that he does not wish to pursue

his motion for the return of his property.

    Entered this 15th day of May, 2013.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge